654    APPELLATE COURTS OF ILLINOIS.

VOL. 74.] Abend v. Endowment Fund Com. of McKendree College.

## Edward Abend, Adm'r, v. The Endowment Fund Commission of McKendree College and McKendree College.

1. TRUSTS—*For Charitable Uses—Perpetuities.*—A perpetual trust for a charitable use is not condemned by the law against perpetuities, as it does not create a perpetuity contrary to law.

2. SAME—*Title Taken by the Trustees—Contingencies.*—Under the provisions of a will bequeathing a fund to executors as trustees in trust, etc., the trustees take the legal title to such fund from the trust imposed, and if the contingency upon which the *cestui que trust* is to receive the fund does not happen, he takes no estate therein, and none passes to his legal representatives upon his death.

3. SAME—*Expenses for the Preservation of the Fund.*—A trust fund may be lawfully required to bear the necessary expenses for its own preservation.

4. TRUSTEES—*Commissioners of McKendree College, Successors in Trust.*—The Endowment Fund Commission of McKendree College is an agency of the college for the purpose of holding and managing all funds given or raised for the purpose of endowing such college, and as such, are capable of taking as successor in trust, all legacies for such purpose where the office of trustee created by the will becomes vacant.

**Bill of Interpleader.**—Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

WILBUR N. HORNER, attorney for the appellant, contended that if the legal or equitable fee in realty or the absolute interest in personalty be limited, instead of to uses to be appointed by the exercise of a power, directly to the devisee or legatee, a limitation over in default of the exercise of the general power of disposition incident to the interest conferred by the first limitation is void.   20 Am. & Eng. Ency. of Law, 955; Welsch v. Belleville Savings Bank, 94 Ill. 203; Hamlin v. United States Express Co., 107 Ill. 443.

The rule in Shelley's case is in force in this State as a rule of property, and must prevail, regardless of otherwise express intentions of testator.   Wolfer v. Hemmer, 144 Ill. 554.

Where there is an absolute appointment to the children, the object of the power, and then a direction that as far as the donee can at law or equity so direct, the shares shall be held upon trust for them for life, and then for their children, the appointment to the children will be supported and the interests to the grandchildren will be, deemed inoperative. 2 Sugden on Powers (3d Am. Ed.), * p. 73; Carver v. Bowles, 2 Russ. & Myl. 301.

Gift to strangers in derogation of first estate void. 2 Sugden on Powers, *258.

Another feature which prevents it being classed as a charitable use, is that it rests in a contract. The power is executed under a contract. It requires the recipients of the fund to execute a certificate that they will use the income from the fund according to certain required limits and conditions, and if they fail or violate the contract the donor can take the gift back. The reversion to the fund remaining in the donor robs it of another feature of a gift to a charitable use. Under the common law the reversion never remained in the grantor in a gift. Under the English law of to-day a gift to a charitable use is rendered absolutely void if the donor retains a reversion, and reversion in the donor or persons claiming under him voids the gift. Boyle on Charities, pp. 109–111–115.

As to instances construing the doctrine of charitable uses and bequests, the Supreme Court of Illinois, in a very instructive opinion, held that a gift to the American Bible Society was neither within the letter nor the spirit of the 43d Elizabeth, chapter 4. Starkweather v. American Bible Soc., 72 Ill. 50.

A gift to a convent of nuns whose sole object is the sanctifying their own souls, and not performing any external duty of a charitable nature, is not a gift to charitable use. Cocks v. Manners, L. R., 12 Eq. 574.

An association for the purpose of mutual benevolence among its members only, is not an association for charitable uses. Babb v. Reed, 5 Rawles (Pa.), 151; Beaumont v. Meredith, 3 Vesey & B. 180.

A bequest to each of ten poor clergymen is not a chari-

656　Appellate Courts of Illinois.

Vol. 74.] Abend v. Endowment Fund Com. of McKendree College.

table gift.　Thomas v. Howell, L. R. 18 Eq. 198; Russell v. Kellett, 3 Smale & G. 264.

A trust to establish a school which is not free, but the benefits of which are confined to particular individuals, who are named in the will, is not a charitable trust and will not be regulated by the court.　Perry on Trusts, par. 710; Attorney Gen. v. Hewer, 2 Vern. 387.

A devise to a corporation to distribute the rents among twenty-four persons named as they may need assistance is not charitable, but it gives a vested right to each of the *cestuis que trust* to seek redress in equity.　Perry on Trusts, par. 710; Liley v. Hey, 1 Hare, 580; Philadelphia v. Fox, 64 Pa. St. 170.

To create a charity there must be a public benefit open to an indefinite number.　Perry on Trusts, par. 697, 699, 710.

Money contributed to a common fund for the assistance of particular individuals does not constitute a gift to charity. Attorney Gen. v. Proprietors Federal St. Meeting House, 3 Gray, 44.

A gift to a priest or minister in his public office, to be used by him for such public, religious and charitable purposes as he sees fit, will be held to be charitable; but it must be a gift to the donor in his official capacity, to be expended for public charitable purposes; for if it is a gift to the person or individual in his private capacity for his individual benefit and relief, it will not be charitable, though the individual is described by his official character.　Perry on Trusts, par. 703.

If the beneficiaries be definitely pointed out or clearly ascertainable the charity can not be considered public.　Old South Soc. v. Crocker, 119 Mass. 1; Parker v. May, 5 Cush. 336.

Courts of chancery can not see to the execution of a private charity.　Ommanney v. Butcher, Turner & R. 260; Nash v. Morley, 5 Beav. 177.

As for example a gift in aid of a subscription library. Carne v. Long, 29 Law J., Ch. 503.

Or for the benefit of an orphan school kept by an indi-

vidual substantially at his own expense.   Clark v. Taylor, 1
Drewry, 642;   Jarman on Wills (4th En. Ed., 5th Am.), 212.

A devise to a college, not for academical or collegiate
purposes, is not a charity.   Atty. Genl. v. Whorwood, 1
Vesey Sr. 534.

Indefiniteness in the number of the beneficiaries and the
absence of a certain *cestui que trust* in whom is the equitable
title, is one of the characteristic marks of a charity.   Fon-
tain v. Ravenel, 17 How. 369;   Saltonstall v. Sanders, 11
Allen, 446;   2 Kent's Commentaries (12th Ed.), 288, note a;
Jarman on Wills, 379 (5th Am. from 4th London, etc., Vol.
1, 389, note to chapter).

And unless the power to give over is in the nature of a
charitable use, there is no one legally competent to receive
the gift over and it must fail.   There is no such thing as
acquiring property by succession among individuals.   Prop-
erty is acquired by succession only among corporations
aggregate.   2 Bla. Com. 430.

R. W. ROPIEQUET and HAMILL & BORDERS, attorneys for
appellees.

The matter of costs was particularly within the discretion
of the trial court.   Young v. Edwards, 10 L. R. A. 55;   Am.
and Eng. Enc. of Law, Vol. 11, 584;   Flint on Trusts and
Trustees, Sec. 334.

The only question to be considered is, was the allowance
a proper one?   We think it was.   This was a trust fund in
control of the court.   It was a legacy.   Under the will of
testatrix it belonged to appellees.   The question of the dis-
position involves a construction of the will.   Appellees were
brought into court involuntarily.   To protect this fund, and
to secure for it a proper disposition, they were compelled
to appear; and for this the employment of counsel was
necessary.   The result was the saving of the fund, and the
carrying out of the will of testatrix.   The rule as laid down
by Flint is, that if the suit is in regard to a legacy, that
particular portion is chargeable with costs.   Flint on Trus-
tees, Sec. 336.

658 APPELLATE COURTS OF ILLINOIS.

Vol. 74.] Abend v. Endowment Fund Com. of McKendree College.

This suit involving the construction of a legacy, appellees' participation being necessary for the proper preservation of the fund in accordance with the will of testatrix, the court properly charged this particular legacy with the costs.

Thus in case of a suit by minority stockholders necessarily brought to protect the corporate property it was held in a well-considered case by the Supreme Court of Tennessee that a lien for counsel fees attached to the property recovered. Grant v. Lookout Mountain Co., 93 Tenn. 691; 27 L. R. A. 98.

In Attorney General v. The Brewers' Co., 1 P. W. 376, Lord Cowper allowed costs to the relators out of improved rents which they received for the charity, "for thus they had been serviceable to the charity by easing them of the six hundred and twenty pounds debt which was claimed against them." In Attorney General v. Kerr, 4 Beav. 297, it is conceded to be the general rule that the relator in a charity information, upon obtaining a decree, is entitled to his costs as between solicitor and client. In that case they were not allowed out of the general charity estate, but were charged upon the particular property recovered.

The same rule was followed in Attorney General v. Old South Society, 13 Allen (Mass.), 474.

Costs as between solicitor and client include all reasonable expenses and counsel fees, and are not like costs between party and party, confined to the taxed costs allowed by the fee bill. Trustees v. Greenough, 105 U. S. 533; approved in Central R. R. Co. v. Pettus, 113 U. S. 124; Meddaugh v. Wilson, 151 U. S. 343.

Where an allowance to complainant is proper, on account of solicitors' fees, it may be made directly to the solicitors themselves, without any application by their immediate client. Central R. R. Co. v. Pettus, 113 U. S. 124.

The gift to the committee is a gift to the college, who by its charter is abundantly empowered to take it. It has the power to create the board or committee. The gift to the commissioners is a gift to the college. Friedline v. Board of Trustees of Carthage College, 23 Ill. App. 494.

Gifts for schools of learning are within the express language of the statute and all gifts for educational purposes are therefore sustained as charitable. Fetter's Equity, 188; Morville v. Fowle, 144 Mass. 109; Andrews v. Andrews, 110 Ill. 223; Santa Clara Female Academy v. Sullivan, 116 Ill. 375.

The polar star in the interpretation of a will is the intention of the testator. This intention is to be gathered from the words and expressions used in the will itself. The different provisions and parts are to be compared with and read in the light of each other, so as, if possible, to deduce therefrom an harmonious whole. Howe v. Hodge, 152 Ill. 266.

The general rule is, that whenever it can possibly be done, a will should be so construed as to give effect and operation to every word and provision in it. Dawes v. Swan, 4 Mass. 208. Therefore where the language of a will is clear and unambiguous, and there is no conflict in its various provisions, and no absurdity would thereby be involved, it should be given effect according to the literal terms used, taken in their general and popular sense, except where technical terms are used, in which case they should be taken in their technical sense, unless the context shows they are used in a different sense. Welsch v. Belleville Savings Bank, 94 Ill. 200.

Where property is given to a corporation in trust for a charitable use, the trust is the creature of the donor. He may impose upon it such character, condition and qualifications as he may see fit. Magie v. German Evangelical Church, 13 N. J. Eq. 77; Mills v. Davison, 54 N. J. Eq. 659.

In the case of a charitable bequest to an institution of learning, it is immaterial how vague, indefinite and uncertain the objects of the testator's bounty may be, provided there is a discretionary power vested in some one over its application to those objects. Hunt et al. v. Fowler et al., 121 Ill. 277; Domestic & Foreign Missionary Society's Appeal, 30 Pa. St. 425; Perry on Trusts, Sec. 732.

660    APPELLATE COURTS OF ILLINOIS.

VOL. 74.] Abend v. Endowment Fund Com. of McKendree College.

The statute of 43 Elizabeth, chapter 4, known as the statute of charitable uses, is in force in this State. Heuser et al. v. Harris, Ex'r, et al., 42 Ill. 431.

The rule against perpetuities, as applied to private trusts, does not apply to gifts to charitable uses. Gray on Perpetuities, Sec. 590; 1 Lewin on Trusts, 2011; Perry on Trusts, Sec. 384; Perin v. Carey, 24 Howard, 465; Jones v. Habersham, 107 U. S. 174; Mills v. Davison, 54 N. J. Eq. 659.

Gray, in his treatise on " The Rule Against Perpetuities," (p. 144), states the true form of the rule to be this: " No interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest;" and on page 194 he says that the true object of the rule is to prevent the creation of interests on remote contingencies, and that its effect in removing restrictions on the immediate conveyance of property is only an incident. See also Waldo et al. v. Cummings et al., 45 Ill. 421; Lunt v. Lunt, 108 Ill. 307; Hart v. Seymour, 147 Ill. 598.

MR. PRESIDING JUSTICE CREIGHTON DELIVERED THE OPINION OF THE COURT.

This was a bill of interpleader filed in the Circuit Court of St. Clair County, by Lucius D. Turner, trustee, against Edward Abend, administrator of the estate of James H. Riggin, deceased, McKendree College, and the Endowment Fund Commissioners of McKendree College (a corporation).

Edward Abend, administrator of the estate of James H. Riggin, deceased, brings the case to this court by appeal.

The statement of the case in appellant's brief, so far as is material to any issue raised upon the record before us, is sufficiently full and accurate, and is as follows:

" On the 23d day of November, A. D. 1868, Elizabeth M. Riggin, then residing in Lebanon, St. Clair county, Illinois, made her will and testament.

" On the 9th day of December, 1868, and the 19th day of October, 1870, and on the 11th day of August, 1873, she added codicils, which are, however, of no importance in so

far as modifying or changing article 6 of the first will, and which article 6 forms the bone of contention in this suit.  It is provided in article 6 as follows :

"6th.  I give and bequeath to my said executors as trustees, in trust for my son, James H. Riggin, now unfortunately an inmate of the Illinois State Hospital for the Insane, at Jacksonville, the sum of ten thousand dollars ($10,000) in United States bonds, to be by them, as trustees, held for the sole use and benefit of my said son James, during his lifetime, and I direct that the annual interest and a portion of the principal, if needed, shall be used to pay his quarterly bills at the above named hospital, or some other good hospital, asylum or retreat for the insane; and if said amount of interest shall be more than sufficient to pay such bills, then I direct that the balance shall be, at the end of each year, added to the principal; and in case my said son James shall recover from his unfortunate condition and become of sound mind, I direct that above named sum, so increased or diminished, as the case may be, shall be, by the above named trustees, paid over to the said James; and in case my said son James H. shall never recover the use of his reason, then I direct that the said trustees shall, at his death, pay over the above named sum, so increased or diminished, to the Commissioners of the Endowment Fund of McKendree College, to be by the said commissioners and their successors in office held in trust forever for the use of the said college, according to the rules and regulations of said endowment fund."

The Commissioners of the Endowment Fund referred to seem at one time to have been a committee of individuals appointed annually by the trustees of McKendree College. The committee, at the time the will was executed, consisted of Henry Brown, W. N. Black and G. A. Seaman.  In 1875 W. N. Black resigned and Luther Brown took his place. Luther Brown is now dead, and Henry Brown and G. A. Seaman ceased to be members of the committee October 30, 1877.  In 1893, a corporation was organized, naming itself the Endowment Fund Commissioners.  In 1894 this name

662    APPELLATE COURTS OF ILLINOIS.

VOL. 74.] Abend v. Endowment Fund Com. of McKendree College.

was changed to the Endowment Fund Commission. This Endowment Fund Commission, as a corporation, claim the absolute title to this fund. The rules and regulations of said endowment fund, mentioned in the sixth clause of the will, were certain rules and regulations adopted in 1859 and continuing in force, which controlled and regulated all gifts and donations to the endowment fund. It was provided among the rules that the commissioners should receive all notes, bonds, obligations, securities, moneys or other properties, real or personal, coming to the said college for the purpose of endowment by donation, bequest or otherwise. Article III provided that, on receiving moneys or other valid titles to other property, real or personal, said commissioners shall issue to the donors a certificate of the property received, and setting forth therein their right to recover under the law, in case of a diversion of the funds from the objects specified.

Article IV provides that said fund shall be kept inviolate —the principal shall never be used—the interest thereon only to be paid to the board of instruction in said college.

Article V provides that no part of said fund shall be loaned to McKendree College.

Article VI provides that the interest accruing annually or semi-annually from said fund shall be promptly paid, when collected by the commissioners, to the incumbent board of instruction, *pro rata* according to their respective salaries, but only upon orders duly issued by the auditor and countersigned by the treasurer.

A schedule of the officers and salaries shall be furnished to them by the executive committee. These are in substance the rules and regulations mentioned in the will. This will was duly probated on the 27th day of July, A. D. 1875, in the Probate Court of St. Clair County, Illinois.

On the 27th day of July, 1881, the executors made their final settlement, and retained to themselves as trustees the James H. Riggin legacy, it having been reduced in various ways, so that at this last date it amounted to $8,962.

Luther Brown, one of the executor trustees, having died, and Robert Allyn, the other executor trustee, desiring to

resign, the Circuit Court of St. Clair County, Illinois, on the 2d day of October, 1893, appointed Henry Seiter trustee for the legacy, and he received the sum of $14,394.88.

On January 14, 1895, Seiter resigned as trustee and Lucius D. Turner was appointed trustee, and received as trustee from Seiter the sum of $14,025.59.

On the 29th day of September, 1895, James H. Riggin died an inmate of the Southern Illinois Insane Hospital.

On October 2, 1895, Lucius D. Turner paid $163.70 funeral expenses.

On the 19th day of December, 1895, Lucius D. Turner files his bill of interpleader, and offers to bring into court the sum of $14,025.59, and interest thereon from January 14, 1895, less the sum of $163.70, paid for funeral expenses. Edward Abend, as administrator of the estate of James H. Riggin, deceased, was made a party defendant to the bill of interpleader; the Endowment Fund Commission (a corporation) was made the other defendant. Edward Abend, as administrator, answered and filed a cross-bill claiming this fund as intestate estate of James H. Riggin, deceased.

The Endowment Fund Commission answered and claimed the absolute fee simple title to this fund by virtue of being the remainder-man under the sixth clause of the will. After the hearing McKendree College entered an appearance and joined in the answer of the Endowment Fund Commission. The trial court gave a decree on the eighth day of June, 1897, and found that Elizabeth Riggin, in July, 1875, died in St. Clair county, Illinois, testate, and left a will set forth in the pleadings.

The court found that the McKendree College was incorporated by a special act of the General Assembly of Illinois, January 26, 1839; that the purposes of the corporation was the education of young men to engage in several employments and professions of society, etc. The court found that on the 5th day of July, 1859, the board of trustees of McKendree College created the board of commissioners of the endowment fund of said college, and July 6, 1859, duly elected Governor A. C. French, William Nichols and

664    APPELLATE COURTS OF ILLINOIS.

VOL. 74.] Abend v. Endowment Fund Com. of McKendree College.

Hezekiah McCoy to be such commissioners, and on July 13, 1859, said board of trustees of the college adopted a code of by-laws for the direction and government of the commissioners.

The decree sets out the by-laws as set forth in the pleadings. The court further finds that the said by-laws have been in force from their adoption until the present time, and that the commissioners of the endowment fund was and is a mere committee of arrangements created by the trustees of said college.

That the commissioners of said endowment fund have been duly appointed yearly since 1859, and that the present commissioners are J. M. Chamberlain, A. W. Morris and T. A. Wilson; that James H. Riggin died September 29, 1895, in the Southern Hospital for the Insane at Anna, Illinois, without having recovered his reason; that complainant, Turner, is trustee of the fund, and that at the time of the death of Riggin the fund amounted to $14,025.59; that Turner necessarily expended the sum of $163.70, which leaves in Turner's hands $13,865.89 which he brought into court and is ready to turn over.

The court further finds that the fund is claimed by Edward Abend, as administrator of the estate of James H. Riggin, deceased, and by the Commissioners of the Endowment Fund of the McKendree College—and by the said college—and that the gift by the said will mentioned in paragraph six of said will is a gift to the said college. It was then ordered, adjudged and decreed that upon the said John M. Chamberlain, Alexander W. Morris and T. A. Wilson, as Endowment Fund Commissioners of the McKendree College, executing a bond in the penal sum of forty thousand dollars, payable to the people of the State of Illinois for the use of all persons who may now be, or may hereafter become interested in the said fund accruing by and under the sixth paragraph of the said will, conditioned that the said Chamberlain, Morris and Wilson, as commissioners of the said endowment fund, shall faithfully discharge and execute all their duties in regard to the trust committed to them accord-

ing to the terms of the gift in the said will of the said Elizabeth M. Riggin, deceased, and of the said by-laws for the direction and government of the said board of commissioners, and the security to be approved by the court, and upon their making and delivering to the complainant, Turner, a certificate of the said fund setting forth therein the right of complainant and all persons who may become entitled to the said fund, under the law, in case the said fund shall be diverted from the objects specified in the said will, and the said by-laws hereinbefore set out, then the said Turner, as trustee, to pay over to the said Chamberlain, Morris and Wilson, as such Endowment Fund Commissioners of the said McKendree College, for use of said college, the said sum of $13,865.89, less the cost of this suit, including reasonable solicitors' fees, which are hereby ordered to be paid by said complainant out of said fund to the solicitors of the complainant and to the solicitors of the said commissioners and said college; and thereupon the court hears evidence as to the amount of said solicitors' fees, and upon such hearing and by consent of all parties fixes the sum to be paid the solicitor of the complainant at the sum of $250; and upon the hearing of said evidence fixes the sum to be paid to the solicitors of the said commissioners and said college at the sum of $500, which sum the court orders to be taxed as costs in this suit. From this decree Edward Abend, administrator, etc., has appealed.

Counsel for appellant contends that James H. Riggin took, by the sixth clause of the will, "a fee simple absolute estate in the said fund," and that it was error not to decree that appellant, the administrator, was entitled to receive it.

The clause reads, " I give and bequeath to my executors as trustees, in trust," etc. The trustees took the legal title from the trust imposed, an active and express trust. The contingency upon which James H. Riggin was to receive the fund did not happen and he never had any estate therein. It is further urged as a reason why the fund should have been decreed to appellant as administrator, " that the testatrix endeavored in the sixth clause to create a precatory

666　　　Appellate Courts of Illinois.

Vol. 74.] Abend v. Endowment Fund Com. of McKendree College.

trust coupled with a power and the same fails for want of certainty both in the object and subject-matter of the said trust." The sixth clause contains no precatory words, neither does the scheme of that clause or of the will as a whole evidence such "endeavor."

It is also contended that the parties to whom the fund is decreed are not legally competent to take, and that decreeing the fund to the said commissioners creates a perpetuity contrary to law.

The Endowment Fund Commission of McKendree College is a mere agency of the college for the purpose of holding and managing all funds given or raised for the purpose of endowing the college. The power to acquire such funds, and the power to create such agency for the holding and management of the same are conferred by the act incorporating the college. The gift is by its terms, "to the Commissioners of the Endowment Fund of the McKendree College, to be by the said commissioners and their successors in office held in trust forever for the use of said college," and is therefore a gift to the college, an institution devoted solely to the advancement of learning and clearly within the meaning of the statute in relation to charitable uses. A perpetual trust for a charitable use is not condemned by the law against perpetuities; does not create a perpetuity contrary to law; and the Endowment Fund Commissioners, to whom the fund is decreed, are legally competent to take and hold the same for the use of said college, as decreed.

Appellant claims that the amount of the fund as decreed, is not correct.

The only evidence we find in the record concerning the amount, is a stipulation by all the parties to the case, in substance, that on the 14th day of January, 1895, Lucius D. Turner, the trustee and complainant, received from his predecessor trustee, securities amounting to $14,025.59 and that he paid out for the proper funeral expenses for deceased $163.70. There is no evidence that any other fund ever came to his hands, or that the securities bore interest, or that any interest was in fact received by the trustee. The stip-

ulation furnished no basis for finding any other sum than
that which the court decreed.

It is also claimed that the allowance out of the fund of
solicitors' fees is error, and that the record does not show
that evidence was heard as to the value of the services ren-
dered, and also that such taking is a diversion of the fund
and works a forfeiture.

A trust fund may be lawfully required to bear the neces-
sary expenses of its own preservation.

The claim to this fund set up and pressed by appellant
made the services of solicitors necessary to the preservation
of any part of it to its proper use, and the allowance of rea-
sonable solicitors' fees to be paid out of the fund under such
circumstances is neither error nor a diversion of the fund.
True, we do not find in the record the testimony of any
witnesses upon the value of the services of the solicitors,
but appellant's objection, as we understand it, goes to the
right to make the allowance of any sum for such services,
and to take the same out of the fund, and not especially to
the amount allowed and taken.

We do not understand that it is claimed the amount
allowed is excessive.

The objection urged to the provisions in the decree con-
cerning the bond to be executed by Chamberlain, Morris
and Wilson, as Endowment Fund Commissioners of McKen-
dree College, are to our minds without force.

We agree with the learned chancellor who tried the cause
and rendered the decree in the Circuit Court. Decree
affirmed.